UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOSHUA D. ANGLES,                          )
                                           )
        Plaintiff,                         )
                                           )        No. 6:19-CV-217-REW-HAI
v.                                         )
                                           )        OPINION AND ORDER
BRADLEY J. TABOR &                         )
SHAWN & COREY TRANSPORT,                   )
INC.,                                      )
                                           )
        Defendants.                        )

*** *** *** ***

Before the Court is Defendant Bradley J. Tabor and Defendant Shawn & Corey Transport, Inc.'s ("SCT") motion for summary judgment. *See* DE 26-1. The filing is unopposed. For the following reasons, the Court **GRANTS** Defendants' motion.

## I.      Background

On July 13, 2017, Plaintiff Joshua D. Angles rode his motorcycle on U.S. 421 North in Harlan County, Kentucky. *See* DE 26-2 at 2 (Police Report). Concurrently, Defendant Bradley J. Tabor—an employee of Defendant SCT—traveled on U.S. 421 South, operating CTC's tractor trailer. *See id.* As Angles and Tabor approached one another from opposite directions, they collided head-on. *See id.*

Angles remembers neither driving on U.S. 421 nor colliding with Tabor. *See* DE 26-6 (J. Angles Dep.). Prior to the collision, Angles recalls stopping at a gas station roughly ten to fifteen miles away from the accident scene. *Id.* His next memory is "waking up after [the accident] happened . . . in the middle of the road." *Id.*

1

As a result of the accident, Angles allegedly sustained bodily injuries, suffered mental and physical pain, incurred medical expenses, and "had his power to labor and earn money impaired[.]" DE 1-1 at ¶ 7 (Complaint). Thus, to recover, Angles sued Tabor and SCT in the Harlan Circuit Court. *See id.* at 2. In his complaint, Angles alleges that Tabor negligently operated his tractor trailer and failed to remain in his lane of travel, causing the accident. *See id.* at ¶¶ 5-6. Further, Angles claims that SCT is vicariously liable for Tabor's negligence because it owned the tractor trailer involved in the accident and Tabor drove the vehicle as an employee of SCT. *See id.* at ¶ 4. On September 4, 2019, Defendants removed the case to this Court. *See* DE 1 (Notice of Removal). Then, on May 12, 2022, Defendants filed a motion for summary judgment. *See* DE 26. Angles has not responded to Defendants' motion.

## II.    Local Rule 7.1

As an initial matter, Defendants' motion for summary judgment remains unopposed. Under Rule 7.1(c) of the Joint Local Rules of Civil Procedure, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c); *accord Erickson v. United States Dep't of Agric.*, 5:15-cv-00278-JMH, 2016 WL 3546135, at *2-3 (E.D. Ky. June 23, 2016) (granting motion to dismiss because, among other things, plaintiff failed to respond within twenty-one days of service). The lack of response leaves the motion and assertions of Defendants unopposed.

Importantly, the Court may not grant summary judgment based solely on the absence of a response. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."); *see also* FED. R. CIV. P. 56(e) (listing options when response inadequate). The Court

may consider unaddressed facts as "undisputed" but may grant summary judgment only "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e).

Here, Defendants filed their motion on May 12, 2022. *See* DE 26-1. To comply with Rule 7.1(c), Angles should have responded by June 2, 2022. The default leaves the motion unopposed and the supported factual assertions unaddressed. The Court treats them as undisputed and forges on with the Rule 56 rubric.

### III.    Defendants' Motion for Summary Judgment

### a.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Further, the court may not "weigh evidence [or] determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Id.* at 2552.

A fact is "material" if the underlying substantive law identifies the fact as critical. *See Anderson*, 106 S. Ct. at 2510. Then, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* An issue is "genuine" is "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 2511 (citing *First Nat'l Bank of Az. v. Cities Servs. Co.*, 88 S. Ct. 1575, 1592 (1968)). Such evidence must be suitable for admission into evidence at trial. *See Salt Lick Bancorp v. FDIC, 187 F. App'x* 428, 444-45 (6th Cir. 2006).

### b. Negligence

Under Kentucky law, to establish a negligence claim, a plaintiff must show: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the defendant's breach caused the plaintiff's injury. *See Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Persons operating motor vehicles are held to a duty of ordinary care, which is "the degree of care that is usually exercised by ordinarily careful and prudent persons under the same or similar circumstances." *W.M. Abbott Transfer Co. v. Kruse*, 114 S.W.2d 731, 735 (Ky. App. Ct. 1938); *see also USAA Cas. Ins. Co. v. Kramer*, 987 S.W.2d 779, 782 (Ky. 1999) (citing *Lucas v. Davis*, 409 S.W.2d 27, 299-300 (Ky. App. Ct. 1966)). Causation consists of two parts: actual causation and legal causation. *See Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. Ct. App. 2001). To prove actual causation, a plaintiff must show the defendant's conduct was a "substantial factor" in bringing about the plaintiff's injury. *Id.* As for legal causation, a plaintiff must show a claimed injury was a "natural and probable" consequence of the defendant's conduct. *Spivery v. Sheeler*, 514 S.W.2d 667, 672 (Ky. 1974).

## IV.    Analysis

In the instant motion, Tabor and CTS argue summary judgment is appropriate because the evidence does not support that Tabor breached his duty to Angles or that Tabor's conduct was a substantial cause of the accident.  *See* DE 26-1 at 2.  Given the clarity in the undebated record, the Court agrees.

First, Defendants submit that no reasonable jury could find that Tabor breached his duty of care.  *See id*.  In support of this assertion, Defendants reference the deposition of Christopher Epperson, a motorcyclist that traveled directly behind Tabor on U.S. 421 and witnessed the accident.  *Id.* at 4.  In his deposition, Epperson states that prior to and at the time of the accident, the entirety of Tabor's tractor trailer remained within Tabor's proper lane of travel.  *See* DE 26-12 (C. Epperson Dep.).  According to Epperson, it was Angles's motorcycle that crossed over the double yellow lines, entered Tabor's lane of travel, and collided with the front of Tabor's truck. *See id*; DE 26-13 (C. Epperson Dep).  Epperson viewed Tabor as operating well within the speed limit; he thought Angles was operating at an unsafe speed.  Epperson's proof would support only a finding of no breach by Tabor.

Defendants add that their accident reconstructionist expert witness, Van Kirk, corroborates Epperson's account.  *See* DE 26-1 at 3.  In his expert report, Kirk determined that Tabor's tractor trailer was in Tabor's lane of travel prior to and at the time of the accident.  *See* DE 26-16 at 13 (Kirk Report).  Further, Kirk concluded that Tabor "presented no reason to cause panic stopping or sudden avoidance by Mr. Angles," and that Angles was the "sole reason" for the accident.  *Id.* Per Kirk, Angles "rode wide," crossed the center lane, and made contact with Tabor's vehicle on Tabor's side of the road.  Again, this is the only conclusion the record evidence supports.

The Court agrees with Defendants that there is no genuine dispute, indeed there simply is no dispute as to whether Tabor breached his duty of care.  In his complaint, Angles contends Tabor breached his duty of care by failing to remain in his lane and operating his tractor trailer in "a careless and reckless manner[,]"causing the accident.  DE 1-1.  However, "conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (citing *Lujan v. Nat'l Wildlife Fed'n*, 110 S. Ct. 3177, 3188 (1990)).  The pleading sets the stage, but proof is what matters under Rule 56.  And notably, in the record, Angles does not offer witnesses, experts, or any other evidence to support the pleading allegation.  Indeed, it appears Angles cannot even support his own allegation, as he testified to no recollection or knowledge of accident specifics.  *See* DE 26-6.

In comparison, Tabor and CTS offer an eyewitness and an expert report, which both depict Angles as the cause and Tabor as blameless.  *See* DE 26-12; 26-13; 26-16.  Thus, given the evidence in the record, no reasonable jury could conclude that Tabor breached his duty of care to Angles or, in any way of pertinence under the law, caused the accident.

## V.     Conclusion

For the above reasons, the Court **GRANTS** Defendants' motion for summary judgment. The Court accordingly will enter a separate judgment.

This the 2nd day of November, 2022.



Signed By:

*Robert E. Wier*

**United States District Judge**

6